William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Madison Avenue, 15th Floor
New York, New York 10017
Phone: (212) 286-1425; Fax: (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BEVOLYN DARBY,                                  :           ECF
Individually and on Behalf of All Other         :           17 Civ. 5370 (RMB)
Persons Similarly Situated,                      :
                                                :
                    Plaintiffs,                  :
                                                :
         -against-                               :
                                                :
STERLING HOME CARE, INC., MARK R. ZWERGER,  :
MATTHEW G. ANDERSON, MICHELE THOMAS         :
EILEEN KILLEEN, and JOHN DOES #1-10,            :
                                                :
                    Defendants.                  :
-------------------------------------------------------------------X

**DECLARATION OF WILLIAM C. RAND IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT**

# EXHIBIT A

# EXECUTED SETTLEMENT AGREEMENT

Dated: New York, New York
          August 20, 2019

                              By:    William Coudert Rand, Esq.
                                     LAW OFFICE OF WILLIAM COUDERT RAND
                                     *Attorney for Plaintiffs*,
                                     Individually and on Behalf of All Other Persons
                                     Similarly Situated
                                     501 Fifth Avenue, 15th Floor
                                     New York, New York 10017
                                     Tel: (212) 286-1425; Fax: (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BEVOLYN DARBY,                                    :      ECF
Individually and on Behalf of All Other           :      17 Civ. 5370 (RMB)
Persons Similarly Situated,                       :
                                                  :
                              Plaintiffs,         :
                                                  :
       -against-                                  :
                                                  :
STERLING HOME CARE, INC., MARK R. ZWERGER,        :
MATTHEW G. ANDERSON, MICHELE THOMAS               :
EILEEN KILLEEN, and JOHN DOES #1-10,              :
                                                  :
                              Defendants.         :
----------------------------------------------------------------------X

## CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

        This Settlement Agreement, including all exhibits attached hereto (collectively, the
"Agreement"), dated as of January 10, 2019, is entered into by and between Plaintiff BEVOLYN
DARBY (the "Named Plaintiff"), individually and on behalf of the class of individuals that she
seeks to represent, which consists of all individuals who were employed by  STERLING HOME
CARE, INC., ("STERLING") as home health aides on or between January 1, 2015 and October 1,
2015 whose paystubs show that they worked more than 40 hours in any given work week
(collectively, the "Class" or "Class Members"), and Defendants STERLING HOME CARE, INC.
("Corporate Defendant") and MARK R. ZWERGER, MATTHEW G. ANDERSON, MICHELE
THOMAS, and EILEEN KILLEEN ("Individual Defendants") (together "STERLING" or
"Defendants").  A list of Class Members along with the amounts that they are to receive under this
Settlement Agreement, is attached hereto as Exhibit D.  The Named Plaintiff, the Individual
Defendants, and STERLING may collectively be referred to as the "Parties."

        WHEREAS, the Named Plaintiff filed a putative class and collective action
Complaint in the United States District Court for the Southern District of New York (the "Court")
on July 15, 2017 (the "Complaint"), captioned *Bevolyn Darby v. Sterling Home Care,Inc. Mark
R. Zwerger, Matthew G. Anderson, Michele Thomas, Eileen Killeen and John Does #1-10* (17-
cv-05370) (the "Lawsuit"); and

        WHEREAS, the Complaint asserted class claims under the New York Labor Law
("NYLL") and collective claims under the Fair Labor Standards Act ("FLSA") alleging, *inter
alia*, that the Defendants failed to pay wages due under the NYLL, the FLSA, breach of contract
as third party beneficiaries of contracts with New York State pursuant to the New York Home
Care Worker Wage Parity Law ("Wage Parity Law"), unjust enrichment for Defendants' failure
to pay all wages due including wages for minimum wages under the Wage Parity Law and
spread of hours, violation of the Wage Parity Law minimum wage requirements, and breach of
contract for wages, and sought recovery of unpaid wages, benefits, wage supplements, liquidated

damages, pre-judgment interest, and attorneys' fees and costs, as well as injunctive and declaratory relief; and

WHEREAS, the Court conditionally certified an FLSA collective of "employees not paid time and one half for overtime after January 1, 2015;" and certified a New York State Rule 23(b)(3) class of "employees not paid time and one half for overtime after January 1, 2015"; and

WHEREAS, the class referenced in this Agreement is the same class that the court has certified in this action.

WHEREAS, Defendants have denied and continued to deny all of the material allegations contained in the Complaint, and any and all prior complaints filed in the Lawsuit, have denied and continue to deny that they are liable or owe damages to the Named Plaintiff or the Class Members with respect to the alleged facts or causes of action asserted in the Complaint, and any and all prior complaints filed in the Lawsuit; and

WHEREAS, in order to facilitate discussions of the possible settlement of the Lawsuit, STERLING provided to counsel for the Named Plaintiff ("Class Counsel") voluminous business and payroll records relating to the hours worked by and amounts paid to the Named Plaintiff and the Class Members during their employment with STERLING; and

WHEREAS, STERLING and the Named Plaintiff, through her counsel, each analyzed STERLING's business and payroll records relating to the Named Plaintiff's and Class Members' claims asserted in the Complaint; and

WHEREAS, on the basis of the aforementioned business and payroll records, and its analysis thereof, Class Counsel is satisfied that he has a sufficient basis to properly value the claims as alleged in the Complaint; and

WHEREAS, the Parties have engaged in extensive discussions and negotiations in an effort to reach a resolution of Named Plaintiffs' and the Class Members' claims in order to avoid prolonged and expensive litigation; and

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Complaint, as well as the impact of this Agreement on the Named Plaintiff and the Class Members; and

WHEREAS, based upon Class Counsel's analysis of the payroll data and related information and documents produced by STERLING relating to the approximately 358 individuals who worked overtime on or between January 1, 2015 to October 1, 2015 inclusive, and the applicable law, and recognizing the risks of continued litigation, including the risk that the Named Plaintiff and Class Members might obtain a recovery less favorable than, and/or comparable to, the recovery embodied in this Agreement, and that any recovery may not be obtained for several years if at all, Class Counsel is satisfied that the terms and conditions of

- 2 -

this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of the Named Plaintiff and the Class Members; and

WHEREAS, without admitting or conceding any liability, the Parties hereto have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense, risks, and uncertainty of proceeding with litigation;

NOW, THEREFORE, in exchange for and in accordance with the mutual covenants set forth below, it is hereby agreed as follows:

## 1.   Total Settlement Amount

a.   DEFENDANTS shall pay a total amount of  Three Hundred and Forty-Two Thousand and Six Hundred and Ninety-Nine Dollars and Forty-One Cents ($342,699.41) (the "Total Settlement Amount") to fully and finally resolve and satisfy (i) any and all claims alleged in the Complaint that home health aides were not paid proper overtime wages for the hours over forty in a week listed on their paystubs on or between January 1, 2015 and October 1, 2015, (ii) any and all attorneys' fees, litigation costs, and expenses incurred by Class Counsel, including expenses incurred by Class Counsel relating to the application to the Court for approval of this Agreement, and (iii) any Court-approved Service Award to the Named Plaintiff; and (iv) the Named Plaintiff Settlement Payment payable to Named Plaintiff.

b.   The Total Settlement Amount will be paid no later than  ten (10) calendar days after the Effective Date (as defined in paragraph 10 herein) (the "Settlement Payment Date).  Failure to make any payment when due after a ten (10) calendar day notice to cure shall cause (a) all remaining amounts then due to become immediately due and payable, less any amounts paid up to and including the date of default and (b) an additional, one-time, amount of $20,000 to become immediately due which will be allocated proportionately among all recipients of the settlement payments.  Furthermore, Defendants agree to pay all costs, including reasonable attorneys' fees, of Plaintiff or a third party beneficiary related to the efforts of Plaintiff or a third party beneficiary to obtain payment under this agreement.

c.   The settlement payment installments will be distributed as described in this agreement in the allocation and distribution section below.

d.   STERLING will make the Settlement Payments on or before the Settlement Payment Date.  If the Settlement Payments are not timely paid, Class Counsel will provide written notice to STERLING by the method established in paragraph 16.  STERLING will have Seven (7) business days after the effective date of the notice to cure the payment default by paying the Settlement Payments.  If any Settlement Payment is not made in a timely manner after notice, then Plaintiff has the right to rescind  this agreement or to enforce the agreement, and if Plaintiff chooses to enforce the agreement, any expenses including reasonable legal fees related to enforcing the agreement shall be paid by STERLING.

- 3 -

2.     **Administration**

      a.     Administrator will be Hamlin & Burton.  The Administrator will be paid by the Defendants directly and will not have any right to be paid by the settlement monies referenced in this settlement agreement.  The Administrator will be responsible for locating Class Members; mailing the Notices of Settlement to Class Members in accordance with the Court's preliminary approval order; distributing the Individual Payments, the Service Award, and calculating all payroll tax and withholding each Class Member's share of taxes, as appropriate; remitting such withheld funds to the appropriate taxing authorities; preparing and filing appropriate tax reporting forms for such withheld funds; providing copies of the settlement checks to counsel for the Plaintiffs; preparing and providing to Plaintiff's and Defense counsel a declaration indicating the acts that it has performed as Administrator.

      b.     The Administrator will mail the notice of settlement to the Class Members at their most recent addresses and if returned will take reasonable efforts to determine their current address and resend the notice and will also mail the settlement checks to the Class Members.  The Administrator will work with counsel for the Parties to attempt to locate the correct addresses for as many Class Members as possible.

      c.     The Administrator will provide regular reports to Class Counsel and counsel for the Defendants every 60 days regarding the status of the mailing of the Notices of Settlement to Class Members, the claims administration process, and distribution of the settlement checks, which will include a list of the names and addresses to which notice has been mailed and whether the mailing was returned and a copy of any objections or opt-outs received.

3.     **Motion for Preliminary Approval of this Agreement**

      a.     Promptly after the execution of this Settlement, the Parties will work cooperatively to file a joint Motion for an Order Conditionally Certifying the Settlement Class and Preliminarily Approving the Class Action Settlement ("Motion for Preliminary Approval").  If the Parties cannot agree on the papers, they may submit separate papers.

      b.     The Parties agree that the Motion for Preliminary Approval will include a proposed "Notice of Class and Collective Action Settlement and Settlement Fairness Hearing" in the form attached hereto as Exhibit "A" ("Notice of Settlement"), and a proposed Order Preliminarily Approving the Settlement attached hereto as Exhibit B.  The Motion for Preliminary Approval, *inter alia*, will seek (i) conditional certification of a class, pursuant to Fed. R. Civ. P. Rule 23, against the Defendants, consisting of all individuals listed on Exhibit A who are health aides employed by the Corporate Defendant on or between January 1, 2015 and October 1, 2015 (the "Class Period") whose pay records indicate that they were paid for more than forty hours in a week, (ii) preliminary approval of the settlement, this Agreement, and of the Notice of Settlement to be mailed to the Class Members, and setting the dates by which Class Members may opt-out of the Class or assert objections to the settlement; and (iii) setting a date

- 4 -

for a fairness hearing for the final approval of this settlement ("Fairness Hearing").  The Defendants will not oppose this motion.

          c.      Defense Counsel shall, within ten (10) calendar days of the Order Preliminarily Approving the Settlement, provide the notice required by the Class Action Fairness Act, ("CAFA"), 28 U.S.C. § 1715(b).

## 4.    Notices to Class Members; Court Approval; Opt-Outs; Objections.

          a.      Within ten (10) calendar days following the Court's Order preliminarily approving the settlement and this Agreement, STERLING shall provide to the Administrator and Class Counsel, in electronic form, for all Class Members, as of the date of the Preliminary Approval Order, the following information: name and last known addresses, as that information exists on file with STERLING (the "Class Contact List").

          b.      Within forty-five (45) days following the Court's Order preliminarily approving the Settlement and this Agreement (or within an alternate period set by the Court), the Administrator shall mail, via First Class United States mail, postage prepaid, to each Class Member, the Notice of Settlement, in the form approved by the Court, using the addresses set forth in the Class Contact List.

          c.      Unless otherwise ordered by the Court, the Notice of Settlement will be in the form attached as Exhibit A.

          d.      If any Notices of Settlement mailings are returned as undeliverable, the Administrator will take reasonable steps to endeavor to ascertain a current address within sixty (60) days, and mail the Notice of Settlement to a current address for each such Class Member.  The Administrator shall maintain an updated Class Contact List which will be provided by the Administrator to Class Counsel and counsel for the Defendants periodically and as reasonably requested by counsel.

          e.      In addition to the Notice of Settlement approved by the Court, STERLING agrees to post the Notice of Settlement in the workplace in the location in which notices to employees are typically posted, during the period running from the date ten days after the preliminary approval of the Settlement to the date 45 days thereafter, and shall provide a copy of the Notice of Settlement to any employee or former employee who makes an inquiry to STERLING about the proposed settlement.

          f.      Any Class Member may request exclusion from the Class by "opting out."  Class Members who choose to do so must mail a written, signed statement to the Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and states that the Class member opts out of the STERLING wage and hour settlement" ("Opt-Out Statement").  To be effective, such Opt-Out Statement must be sent to the Administrator via First Class United States Mail, postage prepaid, and must

be postmarked by a date certain to be specified on the Notice of Settlement, which date will be thirty (30) days after the Claims Administrator mails the Notice of Settlement.

g.      Class Members whose first mailing was returned to the Administrator as undeliverable will be allowed to opt-out or object up to thirty (30) days from the date of the second mailing but no later than ninety (90) days from the Court's Order preliminarily approving the settlement and this Agreement.  The Administrator shall not attempt more than two (2) mailings of the Notice of Settlement to any Class Member, and no mailing shall occur more than sixty (60) days after the first mailing to Class Members.

h.      The Administrator shall keep accurate records of the dates on which it sends Notices of Settlement to Class Members.

i.      The Administrator will stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Opt-Out Statement on Class Counsel no later than ten (10) days after receipt thereof.  Class Counsel will within ten (10) days of the end of the opt-out period, file with the Court, copies of any Opt-Out Statements.  The Administrator will, within five (5) days after  the end of the opt-out period, send a final list of all persons who submitted Opt-Out Statements and a final list of all individuals whose notice by mail was returned and thus not accomplished to Class Counsel and Defendants' Counsel by both email and first class mail.  The Administrator will retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements.

j.      Any Class Member whose notice by mail is returned and thus not accomplished (see Paragraph 4, Sections (d) and (g)) or who has properly opted out of this settlement will be removed from the Class and will not be subject to this Agreement or any release herein and will not be paid any monies pursuant to this Settlement Agreement ("Exempt Class Member").  The monies allocated to any Class Member under this Paragraph, to whom notice is not accomplished, will be returned to the Corporate Defendant.  The remaining Class Members who will be paid under this Agreement will be the "Final Class."

k.      Any Class Member who receives the class notice by mail but does not properly submit a timely Opt-Out Statement pursuant to this Agreement will be a member of the Final Class and will be deemed to have accepted the settlement and the terms of this Agreement and will be eligible for payment hereunder, as provided for herein.  Any Class Member who opts out or does not receive class notice by mail will not receive any payment of any amount, will not be member of the Class and their individual and/or class claims will be tolled for the period from the commencement of this Litigation until its dismissal.

l.      Any Class Member who does not opt out of the Settlement and who wishes to present objections to the proposed settlement at the Fairness Hearing must first set them forth in a written statement and mail it to the Administrator ("Written Objection").  A Written Objection must be postmarked by a date certain to be specified on the Notice of Settlement, which date will be thirty (30) days after the Administrator mails the Notice of

- 6 -

Settlement.  The Written Objection must include: (1) the words, "I object to the STERLING wage-and-hour settlement"; (2) all reasons for the objection (any reasons not included in the Written Objection will not be considered); and (3) the name, job title, address, and telephone numbers for the Class Member making the objection.  An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein.  The Counsel for Defendants will stamp the date received on the original and send copies of each Written Objection to Class Counsel by email and first class mail no later than five (5) days after receipt thereof.  Counsel for Defendants will also file the date-stamped originals of any and all Written Objections with the Court no later than ten (10) calendar days before the Fairness Hearing.

    m. An objector also has the right to appear at the Fairness Hearing either in person or through his or her counsel, if his or her Written Objection so states.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her Written Objection at the time he or she submits his or her Written Objection.  An objector may withdraw his or her objections at any time.  No Class Member may appear at the Fairness Hearing unless he or she filed a timely Written Objection that complies with the procedures required under this Agreement.  No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her Written Objection.  Any Class Member who has submitted an Opt-Out Statement may not submit objections to the settlement or speak at the Fairness Hearing.

    n. Class Counsel and/or counsel for the Defendants may file with the Court a written response to any filed Written Objections no later than three (3) calendar days before the Fairness Hearing.

    o. Sufficiently in advance of the Fairness Hearing, Class Counsel will submit to counsel for the Defendants a draft Motion for Judgment and Final Approval of the settlement and this Agreement.  Class Counsel will allow counsel for the Defendants to review and comment on the terms of such papers, and agrees to work cooperatively with Counsel for the Defendants to ensure the language of such motion is acceptable to Counsel for the Defendants.

    p. Unless otherwise ordered by the Court, not later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel shall file a joint Motion for Judgment and Final Approval of the settlement and this Agreement requesting that the Court shall, among other things, (i) finally certify the Class for purposes of settlement, (ii) approve the settlement as fair, adequate, reasonable, and binding on all Final Class Members who have not timely opted out in accordance with this Agreement, (iii) approve and incorporate the terms of the release for the Final Class Members and the terms of the release for the Named Plaintiff, described in paragraph 12; and (iv) enter final judgment in accordance with this Agreement and dismiss the Lawsuit with prejudice, retaining jurisdiction over the settlement.  The Defendants shall join the motion or shall file their own separate papers but may not oppose the motion.  The parties agree to request that the Court approve a final approval order and judgment in the form of Exhibit C.

q.      At the Fairness Hearing, the Parties will request that the Court issue all of the relief set forth in the Motion for Judgment and Final Approval.

## 5.      Allocation and Distribution of the Net Total Settlement Amount.

a.       Defendants will work in good faith with the Administrator to ensure that all monies Defendants are required to pay under this Agreement are submitted timely in order for the Administrator to make the payments in accordance with the terms of this Agreement.

b.      The "Net Settlement Amount" is defined as the amounts listed on Exhibit E.

c.      Each Final Class Member who receives notice by mail and does not timely opt out of the Class shall receive individual payments ("Individual Payment"), in a cumulative amount equal to the Net Settlement Amount listed by his/her name on Exhibit D. The amounts equal the Class Member's overtime hours during the Class period times 1.5 times their regular hourly rate per hour, minus amounts the Class Member were paid for the overtime hours. If a Class Member does not receive notice by mail, he will be deemed to have opted out of the class (as indicated in paragraph 4(j)).  .

d.      On or before the Settlement Payment Date, the Administrator shall: (i) distribute to Class Counsel its fee and expense amount; (ii) distribute to the Named Plaintiff her Service Award and the Named Plaintiff Settlement Payment; and (iii) distribute, to each Final Class Member who has not timely opted-out of the Class and/or not received notice, his/her Net Settlement Amount listed on Exhibit D, less applicable withholding taxes as appropriate.

e.      Each Individual Payment will be sent by the Administrator by mailing a check to each Final Class Member at his or her address as listed on the Class Contact List, as maintained and updated by the Administrator.

f.      If a check is returned to the Administrator by the post office with a forwarding address, the Administrator shall re-mail the check to the forwarding address and provide Class Counsel and counsel for the Defendants with proof of such mailing.  If a check is returned to the Administrator without a forwarding address, the Administrator shall use reasonable efforts to attempt to find a new address, and if a new address is found, the Administrator shall re-mail the check to said new address.

5379299

If the Notice of Settlement was not returned, but if payments to the Class Members are not cashed within 120 days of mailing, or if the Claims Administrator is unable to locate an address for a Class Member whose settlement check was returned, the settlement amounts attributable to that Class Member will be held in escrow by the Corporate Defendant who will produce said monies to the individual should they come forward at a later date to either the Administrator, Class Counsel or the Corporate Defendant.

### 6.   Service Award and Named Plaintiff Recovery

a.   Class Counsel shall seek approval for an incentive payment of $-1,000.00 for services Named Plaintiff rendered on behalf of the Class Members (the "Service Award"). The Defendants shall take no position with respect to, and shall not object to, this request. In addition, Named Plaintiff Bevolyn Darby will be paid Twenty-One Thousand and Two Hundred and Twenty-Nine Dollars and Ninety-Five Cents ($21,229.95)as settlement of her individual claims in this suit ("Named Plaintiff Settlement Amount"), including, but not limited to, her claims for payment of 11 hours of wages per 24-hour live in shift. These amount will be paid at the same time as the class payments.

b.   The Service Award and Named Plaintiff Settlement Amount will be less applicable withholdings and the Named Plaintiff will receive an IRS Form W-2 for the Service Award and Named Plaintiff Settlement Amount.

### 7.   Attorneys' Fees; Litigation Expenses.

a.   Class Counsel shall seek approval for an award of attorneys' fees and expenses in an amount of Eighty-Four Thousand and Six Hundred and Seventy-Four Dollars and Eighty-Five Cents($84,674.85) . Defendants shall take no position with respect to, and shall not oppose, such attorneys' fees and costs/expenses applications.

b.   Defendants will not have any additional liability for Class Counsel's attorneys' fees and costs beyond that which is approved by the Court. No attorneys' fees or litigation costs and expenses will be paid if the Defendants void this Agreement as permitted by paragraph 11 or if this Agreement does not receive final court approval.

c.   All attorneys' fees and litigation expenses and costs approved by the Court shall be paid without withholding and reported to the IRS on Form 1099 as appropriate.

### 8.   Payroll Taxes and Withholdings

The Individual Payments shall be subject to payroll withholding which will be withheld using the payroll exemptions applicable to the Class Member when they were last employed or using revised exemptions provided by the Class Member by a signed Form W-4 form. The Administrator will issue an IRS Form W-2 to Class Members.

9. **Settlement Checks**

A Class Member who does not timely return an Opt-Out Statement or who is not removed from the Class due to failure to effectuate notice by mailing pursuant to Paragraph 4, Section (j) of this Agreement (a "Final Class Member"), will be issued a settlement check by the Administrator in accordance with this Agreement and the Order by the Court granting final approval of the settlement and this Agreement.

10. **Effective Date**

a. This Agreement shall become effective upon its execution.

b. The Effective Date shall be the later of (1) thirty-three (33) days after entry of an order and/or final judgment by the Court ("the "Order") granting final approval of this Agreement and dismissing the case with prejudice, if no appeal of such final approval is then pending, or (2) if an appeal of such final approval is then pending, the day after the Order is affirmed on appeal.

c. If the Court does not enter an Order granting final approval of the settlement and this Agreement, or such Order does not become final, the Parties shall return to their positions prior to the filing of the motion for preliminary approval of this Agreement unless the Parties jointly agree to (1) seek reconsideration or appellate review of the decision denying entry of the Order, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.  In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not reached or not approved:

1. The Lawsuit will proceed as if no settlement had been attempted.  In that event, the class certified for purposes of settlement shall be decertified, and the Defendants may assert all potentially applicable defenses in connection with the Lawsuit (e.g., contest whether the Lawsuit should be maintained as a class action or collective action, contest the merits of the claims being asserted in the Lawsuit, etc.).  In such case, the Parties will negotiate and submit for Court approval a revised case management schedule.

2. The Administrator will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement.  Such notice shall be mailed by the Administrator via first class mail, postage prepaid, to the addresses used by the Administrator in mailing the Notice of Settlement.

5379299

11.     **Voidability of Settlement**

If the cumulative settlement amount of Class Members who properly and timely opt-out of the Class is greater than $75,000, then Defendants may, but are not obligated to, void this Agreement on or before the date ten (10) calendar days after the Opt-Out Deadline by giving written notice to the Court and the Class Counsel and must subsequently provide notice to the Class.  If the Defendants revoke this Agreement, the Lawsuit will proceed as if there was no attempt at settlement and the Parties will return to their positions prior to the filing of the motion for preliminary approval of this Agreement.

12.     **Release**

By operation of the entry of an Order by the Court granting final approval of the settlement and this Agreement, and except as to such rights or claims as may be created by this Agreement:

a.      Each individual Class Member, on behalf of him/herself and his/her heirs, successors, executors, administrators, and assigns ("Releasors"), fully and finally releases and discharges the Defendants, and their respective owners, parents, subsidiaries, affiliates, predecessors, successors, members, shareholders, officers, directors, agents, current and former employees, attorneys, insurers, and assigns (collectively, "Releasees"), of and from any and all claims alleging that they were not paid full wages for their hours over forty in a work week listed on their paychecks from the Corporate Defendant on or between January 1, 2015 and October 1, 2015. Among other claims, this release specifically does not release any claim for unpaid hours worked (including unpaid hours worked during 24 hour shifts) or any claim that Defendants illegally did not pay for 8 hours of sleep during a 24 hour live in shift or did not pay for 3 hours of meal breaks during a 24 hour live in shift, and these individual and class claims will be tolled for the period from the commencement of the Lawsuit until its dismissal.

b.      In addition to the release provided under the preceding paragraph, Named Plaintiff, on behalf of herself and her heirs, successors, executors, administrators, and assigns ("Plaintiff Releasor"), hereby releases all Releasees, of and from any and all claims, complaints, demands, actions, causes of action, suits, rights, debts, obligations, judgments, damages, entitlements, liabilities, and expenses (inclusive of attorneys' fees) of any kind or nature whatsoever that Plaintiff Releasor now has or ever had against any Releasee, whether known or unknown, that Plaintiff Releasor has possessed, or which have accrued, at any time up to the date Plaintiff Releasor executes this Agreement.  For the avoidance of doubt, and without limiting the broad nature of the claims released, the immediately preceding sentence releases each of the Releasees from any and all claims: (1) related to Plaintiff Releasor's employment with Defendants or any other Releasee, or the termination of such employment; (2) arising under any law relating to employment, including, but not limited to (all as amended), the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Equal Pay Act of 1963, the

- 11 -

Consolidated Omnibus Budget Reconciliation Act, the Occupational Safety and Health Act, the Genetic Information Nondiscrimination Act of 2008, the Immigration Reform and Control Act of 1986, the Worker Adjustment and Retraining Notification Act, the Civil Rights Act of 1866 (42 U.S.C. §§ 1981–1988), the Employee Retirement and Income Security Act of 1974, Articles 5, 6, 7, and 19 of the New York Labor Law (N.Y. Labor Law §§ 160 to 219-c, 650 to 665), Public Health Law § 3614-c, Sections 120 and 241 of the New York Workers' Compensation Law, the New York Human Rights Law (N.Y. Executive Law §§ 290 to 301), Article 23-A of the New York State Corrections Law, the New York Worker Adjustment and Retraining Notification Act, the New York City Human Rights Law (N.Y. City Admin. Code §§ 8-101 to 8-1103), the New York City Earned Sick Time Act (N.Y. City Admin. Code §§ 20-911 to 20-924) and N.Y. City Admin. Code § 6-109; (3) for wages as well as any other amounts allegedly owed under federal, state, or local law; (4) arising under any employee benefit plan, policy, or practice; (5) arising under tort, contract, or quasi-contract law, including but not limited to claims of negligence, breach of an expressed or implied contract, retaliation, violation of public policy, fraud, defamation, slander, libel, or negligent or intentional infliction of emotional distress; (6) for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, compensatory or punitive damages, liquidated damages, experts' fees, medical fees or expenses, costs, or disbursements; and (7) arising under any other federal, state, or local law, rule, regulation, order, common law, ordinance, or court decision.

        c.     The Class Members' individual and class claims that were alleged in the Lawsuit but are not released, shall be tolled for the period from the commencement of the Lawsuit until the dismissal of the Lawsuit.

        d.     The releases set forth in this section shall not apply to Class Members who timely opt-out pursuant to this Agreement or do not receive notice by mail (the "Exempt Class Members").

      **13.**    **<u>Miscellaneous</u>**

        a.     The Defendants will not retaliate in any manner against the Named Plaintiff or any current or former employee(s) of STERLING who (i) participated in the Lawsuit, or (ii) participates in the settlement provided for in this Agreement.

        b.     Nothing contained in this Agreement shall be deemed an admission by the Defendants of liability for the claims asserted in the Lawsuit.  Defendants expressly deny all wrongdoing alleged in the complaint or otherwise.

        c.     The Parties have negotiated all the terms and conditions of this Agreement at arm's length.

        d.     The Parties have jointly drafted this Agreement through their respective counsel and, as such, this Agreement shall not be construed for or against any party by virtue of draftsmanship.  The captions or headings of the paragraphs of this Agreement have

been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

e.     All of the terms and conditions of this Agreement in the exact form set forth herein are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

f.     This is a binding agreement, subject to approval by the Court, and may not be modified except by a writing executed by all of the Parties hereto.  No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

g.     The Parties shall cooperate fully with each other and work together diligently and in good faith to obtain preliminary and final approval of this Agreement by the Court.  Each of the Parties, upon the request of the other, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions and intent of this Agreement, including acts of complying with the Court's orders regarding the form and method of notice to the Class.

h.     Class Counsel and the Named Plaintiff, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Lawsuit, or any related action.

i.     This Agreement arises from Class Members' employment within the State of New York and, as such, shall be interpreted, construed, and governed by and in accordance with, the laws of the State of New York without regard to New York's choice of law principles.

j.     Following the final approval of this Agreement, the Court shall retain jurisdiction to enforce this Agreement and to resolve any disputes arising thereunder.

k.     This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Lawsuit.  This Agreement shall be binding upon the Parties and, with respect to the Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns.

- 13 -

14.    **Procedures in the Event of Breach.**

        The Parties acknowledge that a breach of any provision of this Agreement can cause damage and injury to the non-breaching party.  If a court of competent jurisdiction determines that a party hereto has breached any of the terms of this Agreement, the Parties agree that, in addition to any remedies available to the non-breaching party in law or equity for a breach of this Agreement, the non-breaching party shall be entitled to all of their reasonable costs and expenses, including reasonable attorneys' fees, incurred in enforcing the terms of this Agreement and/or defending any action(s).

15.    **Severability.**

        Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the Parties agree that said court has the full discretion to interpret or modify all such provisions to render them enforceable.  If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect, which then shall be interpreted to bar any and all claims that any Class Member may have against any Releasee.

16.    **Notice.**

        Any notices required to be given under this Agreement shall be given either by overnight delivery (such as FedEx) or by certified first class mail, return receipt requested, postage prepaid.  If notice is given by overnight delivery, it will be deemed effective on the delivery date, as confirmed by the courier.  If notice is given by certified first class mail, it will be deemed effective three days after it is sent.  Notice shall be given to the following:

        If to STERLING and/or the Individual Defendant:

    To:

        Joan Gilbride, Esq.
        Kaufman Borgeest & Ryan LLP
        120 Broadway
        New York, NY 10271

        If to Named Plaintiff or Class:

    To:    William Coudert Rand, Esq.
        501 Fifth Avenue, 15th Floor
        New York, New York 10017

17.    **Execution.**

        This Agreement may be executed in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.  Any party

may execute this Agreement by signing, or causing its counsel to sign, on the designated signature block below and transmitting that signature page via facsimile or email to the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email. Class Counsel shall be agreed to be a third party beneficiary of this Agreement for purposes of paragraph 7.

Dated: 1/12 , 2019

_____
BEVOLYN DARBY

Dated: _____, 2019

STERLING HOME CARE, INC.

By: _____
        MATTHEW G. ANDERSON
Title:   Chief Executive Officer

Dated: _____, 2019

_____
MARK ZWERGER

Dated: _____, 2019

_____
MATTHEW G. ANDERSON

Dated: _____, 2019

_____
MICHELE THOMAS

Dated: _____, 2019

_____
EILEEN KILLEEN

- 15 -

may execute this Agreement by signing, or causing its counsel to sign, on the designated signature block below and transmitting that signature page via facsimile or email to the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email. Class Counsel shall be agreed to be a third party beneficiary of this Agreement for purposes of paragraph 7.

Dated: _____, 2019

BEVOLYN DARBY

Dated: 1/11, 2019

STERLING HOME CARE, INC.

By: _____
   MATTHEW G. ANDERSON
Title:   Chief Executive Officer

Dated: 1/16, 2019

_____ as attorney & authorized agent
MARK ZWERGER

Dated: 1/11, 2019

_____
MATTHEW G. ANDERSON

Dated: 1/14, 2019

_____
MICHELE THOMAS

Dated: 1/16, 2019

_____ as attorney & authorized agent
EILEEN KILLEEN

- 15 -

5379299

Exhibit "A"
[Notice of Class Action Lawsuit, Settlement and Fairness Hearing]

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Ave., 15th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax) (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
BEVOLYN DARBY,                                    :      ECF
Individually and on Behalf of All Other           :      17 Civ. 5370 (RMB)
Persons Similarly Situated,                        :
                                                   :
                    Plaintiffs,                    :
                                                   :
     -against-                                     :
                                                   :
STERLING HOME CARE, INC., MARK R. ZWERGER,  :
MATTHEW G. ANDERSON, MICHELE THOMAS         :
EILEEN KILLEEN, and JOHN DOES #1-10,          :
                                                   :
                    Defendants.                    :
--------------------------------------------------------------------X

## NOTICE OF CLASS AND COLLECTIVE ACTION
## SETTLEMENT AND SETTLEMENT FAIRNESS HEARING

TO:     ALL INDIVIDUALS EMPLOYED BY STERLING HOME
        CARE, INC. ("STERLING" OR "DEFENDANT") AS
        HOME HEALTH AIDES ON OR BETWEEN JANUARY
        1, 2015 AND OCTOBER 1, 2015 ("CLASS MEMBERS"
        OR "CLASS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS
MAY BE AFFECTED BY THE PROCEEDINGS IN THIS LITIGATION.

**EXCLUSION DEADLINE:**  ANY REQUESTS FOR EXCLUSION MUST BE MAILED TO
THE ADMINISTRATOR IN THE MANNER DESCRIBED BELOW, POSTMARKED ON OR
BEFORE **[INSERT DATE]** *[30 days after mailing of this notice by the administrator]*.

- 16 -

5379299

**OBJECTION DEADLINE:** ANY NOTICES OF OBJECTIONS AND/OR INTENTIONS TO APPEAR AND BE HEARD ORALLY AT THE SETTLEMENT FAIRNESS HEARING MUST BE MAILED TO THE ADMINISTRATOR IN THE MANNER DESCRIBED BELOW, POSTMARKED ON OR BEFORE **[INSERT DATE]** *[30 days after mailing of this notice by the administrator]*

## I.    PURPOSE OF THIS NOTICE

This Notice is given pursuant to Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, and an Order entered by the United States District Court for the Southern District of New York (the "Court"), dated _____ (the "Preliminary Order"). The above-captioned action (the "Action" or "Lawsuit") is now pending before the Court as a class action, conditionally certified for purposes of settlement only. The Action seeks damages against STERLING for unpaid overtime and related remedies.

This Notice informs you of the pendency of the Action and the existence of a proposed settlement (the "Settlement") that will affect the rights of all Class Members.

You may be a Class Member. This Notice describes rights that Class Members have under the proposed Settlement and the steps Class Members must take in relation to the Action.

This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in the Action or the fairness or adequacy of the proposed Settlement.

## II.    SUMMARY OF PROPOSED SETTLEMENT

### A.    Proposed Monetary Terms

Pursuant to the Settlement, STERLING has agreed to pay a total of $342,699.41 dollars (the "Total Settlement Amount") to fully and finally resolve the Action and to satisfy all claims of Class Members.

After deducting attorneys' fees and expenses of Class Counsel, and payments to the Named Plaintiff, the Administrator will distribute all remaining amounts (the "Net Settlement Fund") to Class Members based on the amount set forth below in the section entitled "Distribution and Allocation of Settlement Proceeds."

STERLING will pay the Net Settlement Fund to Class Members no later than 35 days after the Court issues an order granting final approval of the Settlement if no appeal is filed or if an appeal is filed within 5 days after the order denying the appeal.

### B.    Attorneys' Fees and Costs Sought

- 17 -

"Plaintiffs' Counsel" or "Class Counsel" means the law firm of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, N.Y. 10017.

STERLING has agreed to pay Class Counsel's fees and expenses in the amount of ($84,674.85).

### C.   Awards Sought for the Named Plaintiff

STERLING has agreed to pay the Named Plaintiff in addition to her class claim settlement amount, the sum of $1,000 as a service award and $21,229.95 for her individual claims.

## III.   NOTICE OF SETTLEMENT FAIRNESS HEARING

NOTICE IS HEREBY GIVEN, pursuant to Federal Rule of Civil Procedure 23 and the Preliminary Order, that a hearing will be held before the Honorable _____., in Courtroom _____ of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007-1312, at 10:00 a.m., on _____, 2019 (the "Settlement Fairness Hearing") to:  (i) determine whether a class should be certified for settlement purposes; (ii) determine whether the Settlement Agreement dated _____ (the "Settlement Agreement") should be approved by the Court as being fair, reasonable and adequate for the Class Members; (iii) consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses, as agreed by STERLING; and (iv)  consider Class Counsel's request for a service award to the Named Plaintiff for her participation as class representative for participating in this litigation.

The Court, in the Preliminary Order, has preliminarily certified, for settlement purposes only, a Class consisting of all individuals who were employed by STERLING as home health aides on or between January 1, 2015 and October 1, 2015 whose paystubs during the period showed more than 40 hours worked in a week.

## IV.   BACKGROUND OF THE ACTION

On July 24, 2017, Named Plaintiff brought this lawsuit against STERLING and the Individual Defendants  on behalf of herself and all others similarly situated ("Plaintiffs").

Specifically, Plaintiffs allege, among other things, that they are owed (a) overtime pay at the rate of one and one-half times their regular wage rate under the FLSA and the New York Labor Law ("NYLL") for work in excess of forty (40) hours per workweek on and after January 1, 2015, (b) wages for the 11 hours deducted from their 24-hour shifts for 3 hours of meal breaks and 8 hours of sleep, (c) spread of hours wages for hours worked a spread of more than 10 hours in a day, (d) minimum wages under the Wage Parity Act, and (e) statutory damages for violations of the notice provisions of the New York Wage Theft Prevention Act.  Plaintiffs also sought liquidated damages, together with prejudgment interest and attorneys' fees and costs.

- 18 -

5379299

Defendant has denied any wrongdoing or liability and is vigorously contesting all claims that have been asserted.

## V.        BACKGROUND TO THE SETTLEMENT

Before entering into the Settlement, Plaintiffs' counsel conducted an investigation relating to the events and transactions underlying Plaintiffs' claims.  Plaintiffs' Counsel's decision to enter into this Settlement was made with knowledge of the facts and circumstances underlying Plaintiffs' claims and the strengths and weaknesses of those claims.  In determining to settle the Action, Plaintiffs' Counsel has analyzed the evidence adduced during pretrial proceedings and settlement negotiations, and has taken into account the substantial expense and length of time necessary to prosecute the litigation through class certification, trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation.  The parties negotiated over the course of months to reach agreement on the terms of the Settlement.  Plaintiffs' Counsel believes that the Settlement described herein confers substantial benefits upon the Class Members.  Based upon consideration of these factors, and others, Plaintiffs' Counsel has concluded that it is in the best interest of Plaintiffs, and the Class Members, to settle the Action on the terms described herein, and that such Settlement is fair, reasonable and adequate to the Class.

Plaintiffs' Counsel believes that if the Action were not settled, and the Action proceeded to trial, and the individual Named Plaintiff and the Class Members prevailed on every claim and contention asserted, the recovery by judgment could be greater than the recovery under the Settlement.  However, Plaintiffs' Counsel considered that there was a substantial risk that, if the Action proceeded, Plaintiffs and the Class Members might not have prevailed on any or all of their claims.  Plaintiffs' Counsel also considered the likelihood that STERLING would appeal any adverse rulings, which would, at a minimum, substantially delay any recovery and present a risk that such rulings would be reversed in STERLING's favor.  Finally, Plaintiffs' Counsel considered the risk that STERLING might file for bankruptcy if Plaintiffs were able to successfully obtain a large judgment after trial.

STERLING denies all allegations of wrongdoing or liability whatsoever.  It desires to settle and terminate all existing or potential claims against it which were, or could have been, asserted in the Action, without in any way acknowledging any fault or liability, in order to eliminate the expense and uncertainty of protracted litigation.  The Settlement is not, and shall not, be construed or be deemed to be, evidence or an admission or a concession on the part of STERLING of any fault or liability or damages whatsoever, and STERLING does not concede any infirmity in the defenses that it has asserted or could have asserted in the Action.

The amount of damages, if any, which Plaintiffs could prove on behalf of themselves or the Class Members was also a matter of dispute.  The Settlement's provisions do not constitute a finding, admission, or concession of the existence, extent, or measure of damages. No determination has been made by the Court as to liability or the amount, if any, of damages incurred by the Class, nor on the proper measure of any such damages.  The determination of

- 19 -

damages, like the determination of liability, is a complicated and uncertain process.  The Settlement herein will provide an immediate and substantial benefit, and avoid the risks that liability or damages might not be proved at trial, as well as the risk that class certification might not be granted.

THE COURT HAS NOT FINALLY DETERMINED THE MERITS OF PLAINTIFFS' CLAIMS OR STERLING'S DEFENSES THERETO.  THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING THAT STERLING VIOLATED ANY LAW, DUTY, OR OBLIGATION OR THAT CLASS MEMBERS COULD HAVE RECOVERED ANY AMOUNT IF THE ACTION WERE NOT SETTLED.

## VI.    DISTRIBUTION AND ALLOCATION OF SETTLEMENT PROCEEDS

The Effective Date of the Settlement is the later of (1) thirty (30) days after entry of an order granting final approval of this Settlement, if no appeal of such final approval is then pending, or (2) if an appeal of such final approval is then pending, three days after the order is affirmed on appeal.

The Settlement Administrator is Hamlin & Burton , [INSERT ADDRESS AND TELEPHONE NUMBER].  The Administrator will make the distribution of the Net Settlement Fund to Class Members no later than ten (10) days after the Effective Date.

The settlement monies to be paid to the class members equal their unpaid overtime hours (hours over 40 in a work week) as listed on their paystubs on and between January 1, 2015 and October 1, 2015 based on the difference between the pay rate of time and one half the class member's regular rate or blended rate and the amount actually paid for the overtime hours during the weeks of the period from January 1, 2015 through October 1, 2015.

## VII.    RELEASE OF CLAIMS

Unless you exclude yourself (or "opt-out") from the Settlement, as describe below, you will be subject to the Court's judgment and will not be permitted in the future to bring any "Released Claims" against STERLING, it owners, employees, and affiliated entities, nor will you be permitted to participate as a class or collective member in any other action or lawsuit based on any of the Released Claims, regardless of whether such an action is already pending or may be filed in the future.

Upon entry of an order by the Court granting final approval of the Settlement, each Class Member (including you) who does not timely opt-out, on behalf of him/herself and his/her heirs, successors, executors, administrators, and assigns ("Releasors"), fully and finally releases and discharges the Defendants, and their respective owners, parents, subsidiaries, affiliates, predecessors, successors, members, shareholders, officers, directors, agents, current and former employees, attorneys, insurers, and assigns (collectively, "Releasees"), of and from any and all claims alleging that they were not paid full wages for their hours over forty in a work

- 20 -

week listed on their paychecks applicable to the period on or between January 1, 2015 and October 1, 2015. Among other claims, this release specifically does not release any claim for unpaid hours worked (including unpaid hours worked during 24 hour shifts). The claims released above are referred to the "Released Claims." The Statute of limitation periods applicable to the class claims brought in the Lawsuit are tolled for the period from the filing of the Lawsuit to the dismissal of the Lawsuit.

## VIII. <u>YOUR RIGHTS AS A CLASS MEMBER</u>

You have three options under this Settlement. You may: (A) remain in the Class and receive a payment under this Settlement; (B) exclude yourself from the Class and "opt-out"; or (C) object to the Settlement.

### A. <u>Option 1: To Receive Money under the Settlement</u>

If you wish to remain in the Class and receive a payment under the Settlement, you are not required to do anything. After the Court has finally approved the Settlement and there are no appeals, you will receive distributions from the Administrator, as described above. If you choose this option, you will be bound by all determinations and judgments in this Action concerning the Settlement, including the Release stated above, whether favorable or unfavorable. This means that you cannot sue, continue to sue, be a party, or be a class member or collective member in any other lawsuit against the Releasees based on the Released Claims or arising out of the issues raised in the Action.

### B. <u>Option 2: To Exclude Yourself from the Settlement</u>

If you do not wish to participate in the Settlement, you may exclude yourself (or "opt-out") by sending a letter to the Administrator that says (1) your name, address and telephone number and states that you wish to exclude yourself from or opt-out of the STERLING wage and hour settlement.

To be effective, the letter must be sent to the Claims Administrator by First Class Mail, postage prepaid, and must be postmarked by _____ **[INSERT DATE]** *[45 days after mailing]*. The Administrator address to which the letter must be mailed is: **[INSERT CLAIMS ADMINISTRATOR ADDRESS]** If you opt out, your claims as a class member will be tolled from the filing to the dismissal of the Lawsuit.

**IF YOU ARE A CLASS MEMBER, AND YOU DO NOT PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL BE BOUND BY THE CLASS ACTION SETTLEMENT AND THE FINAL JUDGMENT OF THE COURT.**

**IF YOU EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY THE SETTLEMENT, OR BY THE FINAL JUDGMENT OF THE COURT, BUT YOU WILL NOT BE ENTITLED TO ANY PAYMENT UNDER THE SETTLEMENT.**

C.      **Option 3: To Object to the Settlement**

If you do not opt-out, you may object to the Settlement.  If you choose to present objections to the proposed Settlement, you must set forth your objections in a written statement and mail it to the Administrator ("Written Objection").

A Written Objection must be postmarked by **[INSERT DATE 30 DAYS AFTER MAILING OF NOTICE].**  The Written Objection must include: (1) the words, "I object to the STERLING wage-and-hour settlement"; (2) all reasons for the objection (any reasons not included in the Written Objection will not be considered); and (3) your name, job title, address, and telephone number.

If you wish to appear at the Fairness Hearing, you must state your intention to do so in your Written Objection.  You may withdraw your Written Objection at any time.  You may not appear at the Fairness Hearing unless you file a timely Written Objection that complies with the procedures set out in this notice.  You may not present an objection at the Fairness Hearing based on a reason not stated in your Written Objection.

An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein.

IX.      **PROHIBITION AGAINST RETALIATION**

If you are a current employee, you should know that STERLING is prohibited by law from retaliating against you for participating in this settlement.  The parties agree that this is a fair settlement and recommend each Class Member to remain in the class and accept the settlement monies.  STERLING emphasizes that there will be no retaliation against any Class Member for remaining in the class.

X.      **CHANGE OF ADDRESS**

If you change your residence after receiving this Notice, or if the notice was misaddressed, you should supply your name and correct address to counsel listed in this Notice and to the Administrator to ensure that further communications reach you.

XI.      **EXAMINATION OF PAPERS AND INQUIRIES**

If you wish to obtain a copy of the Settlement Agreement, or if you have other questions, you may contact the Administrator at _____, or Class Counsel at _____.

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

Dated: _____, 2019

- 22 -

5379299

- 23 -

**Exhibit "B"**
**[Proposed Order Preliminarily Approving Class Settlement]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

| | | |
|---|---|---|
| BEVOLYN DARBY, | : | ECF |
| Individually and on Behalf of All Other | : | 17 Civ. 5370 (RMB) |
| Persons Similarly Situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| STERLING HOME CARE, INC., MARK R. ZWERGER, | : | |
| MATTHEW G. ANDERSON, MICHELE THOMAS | : | |
| EILEEN KILLEEN, and JOHN DOES #1-10, | : | |
| | : | |
| Defendants. | : | |

----------------------------------------------------------------------X

## ORDER PRELIMINARILY APPROVING
## CLASS AND COLLECTIVE ACTION SETTLEMENT AND
## PROVIDING FOR NOTICE OF FAIRNESS HEARING

**WHEREAS**, the class and collective action, *Bevolyn Darby v. STERLING Home Care, Inc., et al.*, Civil Action Number 17 CV 05370 ("Lawsuit"), is currently pending before this Court;

**WHEREAS**, the parties have made an application, pursuant to Federal Rules of Civil Procedure 23(e) and (g) for an order approving settlement of the claims alleged in the Lawsuit on a class basis (the "Settlement") and appointing class counsel in accordance with a Settlement Agreement dated as of _____, 2019 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice

- 24 -

upon the terms and conditions set forth therein, and the Court has read and considered the Agreement, the exhibits annexed thereto, and the parties' joint motion for approval; and

**WHEREAS**, all capitalized terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

**IT IS ON THIS ____ DAY OF _____, 2019, HEREBY ORDERED AS FOLLOWS:**

1.      The Court hereby preliminarily approves the Settlement set forth in the Agreement as being fair, just, and reasonable.

2.      For purposes of the Settlement, the Court hereby preliminarily certifies a class as defined in the Settlement Agreement (hereinafter, the "Class") consisting of all individuals who were employed by STERLING  HOME CARE , INC. ("STERLING") as home health aides on or between January 1, 2015 and October 1, 2015 whose paystubs showed they worked more than 40 hours in a week during that period as listed on Exhibit D of the Settlement Agreement.

3.      The Court appoints the Named Plaintiff BEVOLYN DARBY as class representative and appoints as Class Counsel the Law Office of William Coudert Rand. and hereby approves the use of  Hamlin & Burton as the Administrator.

4.      The Agreement falls within the range of reasonableness and appears to be presumptively valid, subject only to the objections that may be raised at the final Fairness Hearing.

5.      The Court approves, as to form and content, the Notice of Settlement attached as Exhibit A to the Agreement under Federal Rules of Civil Procedure 23(c) and (e), and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes

5379299

valid, due, and sufficient notice to all persons in the Class, complying fully with the requirements of Federal Rule of Civil Procedure 23, the Fair Labor Standards Act (the "FLSA"), the Constitution of the United States, and any other applicable laws.

6.      A Fairness Hearing shall be held before this Court on _____, 2019, [not less than 90 days from the Class Action Fairness Act, ("CAFA"), 28 U.S.C. § 1715(b) notice mailing date] at the United States District Court, Southern District of New York, U.S. Courthouse, 500 Pearl Street,  New York, N.Y. 10007, to determine finally whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate, and in the best interest of the Class, and should be approved by the Court; and whether entry of Judgment and Final Approval, as provided in the Agreement, should be entered.

7.      Class Counsel, along with the Claims Administrator, are hereby authorized to supervise and administer the notice procedure as more fully set forth below:

A.      On or before _____ [10 days from this Order], STERLING shall provide the Administrator and Class Counsel the following information for all Class Members: name, last known addresses, last known personal email addresses, if any, and dates of employment (the "Class Contact List.").

B.      On or before thirty (30) days from this Order (the "Notice Date"), the Administrator shall cause to be mailed by first-class mail and emailed if email address identified, a copy of the Notice of Settlement, substantially in the form annexed as Exhibit A to the Agreement, to all putative Class Members who can be identified or located with reasonable effort.

5379299

C.      Class Members shall have thirty (30) days from the date that the Notice is mailed to opt-out of the settlement by mailing an Opt-Out Statement to the Administrator, containing the information required by the Agreement.

D.      Class Members shall have thirty (30) days from the date that the notice is mailed to mail a Written Objection to the Administrator, containing the information required by the Agreement.  Any statement of position or objection shall state the objector's name, address, and telephone number and dates of employment with the Administrator, Hamlin & Burton, and whether the objector intends to speak at the Fairness Hearing.  Any member of the Class who does not make his or her objection in the manner provided in the Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, the releases provide for in the Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the award of an incentive payment for the Named Plaintiff, unless otherwise ordered by the Court.

E.      Class Counsel and Defense Counsel shall file a Joint Motion for Judgment and Final Approval of the Settlement and the Agreement no later than fourteen (14) days before the Fairness Hearing.

F.      The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  Notice of any adjournment can be obtained from Class Counsel:  William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, New York 10017 (phone #212-

- 27 -

286-1425) (fax #646-688-3078).  The Court may approve the settlement, with such modifications as may be agreed to by Class Counsel and Defense Counsel, if appropriate, without further notice to the Class.

SO ORDERED

_____
United States District Judge

Dated: _____, 2019

5379299

Exhibit "C"

**Form of Order providing Final Approval of Settlement**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BEVOLYN DARBY,                                         :        ECF
Individually and on Behalf of All Other               :        17 Civ. 5370 (RMB)
Persons Similarly Situated,                            :
                                                       :
                              Plaintiffs,              :
                                                       :
      -against-                                        :
                                                       :
STERLING HOME CARE, INC., MARK R. ZWERGER,  :
MATTHEW G. ANDERSON, MICHELE THOMAS        :
EILEEN KILLEEN, and JOHN DOES #1-10,          :
                                                       :
                              Defendants.              :
------------------------------------------------------------------------X

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING
CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE
ACTION WITH PREJUDICE**

This matter came on for hearing upon the Court's Order of _____, 2019

following preliminary approval of the Settlement in this action ("Preliminary Approval Order").

Due and adequate notice having been given to the Class (as defined below), and the Court having

considered all papers filed and proceedings had herein and all oral and written comments received

regarding the proposed Settlement, and having reviewed the record in the above captioned matter,

and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.      Except as otherwise specified herein, the Court adopts all defined terms set forth in

        the parties' Settlement Agreement, dated _____, 2019 (the "Agreement").

- 29 -

The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiff, Defendants STERLING HOME CARE, INC. and  MARK R. ZWERGER, MATTHEW G. ANDERSON, MICHELE THOMAS, EILEEN KILLEEN (collectively, "Defendants") and all members of the Class, which consists of the persons listed on Exhibit A hereto.

b.      If, for any reason, this Agreement does not become Effective, the parties shall return to their respective positions in the Action as those positions existed immediately before execution of the Agreement.

c.      The Court finds that the distribution by first-class mail of the Notice of Settlement constituted the best notice practicable and fully met the requirements of due process under the United States Constitution, applicable state law, Federal Rule of Civil Procedure 23, and the Fair Labor Standards Act  Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notice to Class was adequate.  These papers informed class members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.  No Class Members objected to the Settlement and no Class Members have validly requested exclusion**.**  The following Class Members did not receive notice and thus are removed from the Class and not subject to the settlement agreement and the releases therein.  **[To be modified as necessary]**

d.      The Court confirms that it has previously certified the Class.

e.      The Court approves the Settlement, and each of the releases and other terms including the separate individual claim settlement to be paid to the Named Plaintiff set forth in the Agreement, as fair, just, reasonable, and adequate as to the Class, the Named Plaintiff, and Defendants (collectively "Settling Parties") under all

- 30 -

applicable law, including but not limited to, Federal Rule of Civil Procedure 23 the Fair Labor Standards Act, and the New York Labor Law  The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Agreement.

f.      The Court finds that the amount set forth in the Agreement is fair and reasonable and that distribution of the Net Settlement Fund Settlement to Class Members shall be done in accordance with the terms outlined in the Agreement.

g.      The Court hereby confirms its prior appointment of BEVOLYN DARBY, as Class Representative for the Class for purposes of settlement.

h.      The Court hereby confirms its prior appointment of William Coudert Rand, Law Office of William Coudert Rand as Class Counsel for the Class.

i.      STERLING has agreed to pay to Class Counsel his reasonable attorneys' fees and expenses in the amount of $84,674.85, and a Service Award to the Class Representative in the amount of $1,000 and an individual settlement ot the Named Plaintiff in the amount of $21,229.95.  Accordingly, the Court hereby awards to Class Counsel $_____ for attorneys' fees and $_____ for costs and expenses.  The Service Award to the Class Representative is approved for her service to the Class, including direct participation in Class Counsels' fact investigation and the settlement negotiations.  The Named Plaintiff's individual settlement amount is approved as fair.   Defendants are directed to make all of the foregoing payments to Class Counsel and the Class Representatives and the Class Members in accordance with the terms of the Agreement.  Defendants shall not be required to make any additional payments in connection with the Settlement.

j.      By operation of entry of this Order and Final Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Agreement as to all Class Members, except those who have timely and

- 31 -

validly opted-out or who did not receive notice or to whom Defendants have granted an exclusion.

k.     The Defendants entered into this Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any liability, and all liability is expressly denied.

l.     This action is hereby dismissed on the merits and with prejudice.  The action is closed.  The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Agreement or to effectuate the terms of the Agreement.

m.     This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 2019

                                             _____

                                             The Honorable
                                             United States District Judge

5379299

5379299

Exhibit "D"

**Allocation of Settlement Funds and List of Settlement Amount To be Paid Each Class Member**

**Pay Date**

| | Name | Sum of Total Net Owed |
|---|---|---|
| 1 | ACHIAA,DORCAS | $168.43 |
| 2 | ADDY,EUNICE | $1,123.27 |
| 3 | ADOMAH,NANA | $82.86 |
| 4 | AFOAKWA,YAA | $514.67 |
| 5 | AFRIYE,MARY | $250.26 |
| 6 | AGBETOGON, APETOR | $30.50 |
| 7 | AGYAPONG,NANCY | $48.03 |
| 8 | AGYEMAN, PERPETUAL | $1,264.49 |
| 9 | AGYEMANG, JENNIPHER | $908.83 |
| 10 | AISHA,JUDITH | $374.03 |
| 11 | AKANJO,LAADI | $330.39 |
| 12 | AKOSAH-DUAH, BERTHA | $107.35 |
| 13 | AKOSAH-DUAH,BERTHA | $25.69 |
| 14 | ALI,EVELYN | $103.94 |
| 15 | AMEGNRAN,ABLAVI | $196.89 |
| 16 | AMOAH,CATHERINE | $1,685.39 |
| 17 | ANIMAH,EUNICE | $1.47 |
| 18 | ARCHIE,ANGELLA | $45.75 |
| 19 | ARHIN,KOFI | $1,891.14 |
| 20 | ARMAH,STEPHEN | $1,700.95 |
| 21 | ARMSTRONG,HAZEL | $1,677.60 |
| 22 | ASARE,ELIZABETH | $3,721.49 |
| 23 | ATKINSON HOLGATE, LORRAINE | $236.87 |
| 24 | AWUAH,VICTORIA | $3,959.11 |
| 25 | AZAMETI,FAUSTINA | $52.08 |
| 26 | BAHADUR,FINETA | $11,057.97 |
| 27 | BALDEH, HADDIJATOU | $80.47 |
| 28 | BANNERMAN,AGNES | $2,869.74 |
| 29 | BARNETT,LEONIE | $52.55 |
| 30 | BASCOMB, MICHELLE | $624.05 |
| 31 | BIEN AIME,JALNA | $102.73 |
| 32 | BOAMPONG, GEORGINA | $48.53 |
| 33 | BOATENG,BENJAMIN | $444.38 |
| 34 | BOATENG,DORIS | $3,990.20 |

- 34 -

| 35 | BOATENG,THOMAS | $14.34 |
| 36 | BORREGO,ZAIRA | $176.25 |
| 37 | BOWEN,DORRETT | $164.62 |
| 38 | BOWYER,MYRTLE | $9,692.76 |
| 39 | BRANTUO,REBECCA | $886.84 |
| 40 | BRUCE,WINSOME | $592.47 |
| 41 | BUKANOWSKA, BARBARA | $1,013.28 |
| 42 | BURRELL-ASFREL, SIMONE | $96.87 |
| 43 | CACALDA,IMELDA | $1,147.21 |
| 44 | CACHO,ADA | $50.86 |
| 45 | CALVERT,BRENDA | $46.98 |
| 46 | CAMERON,JOYCE | $771.80 |
| 47 | CAMPBELL, NEZREEN | $20.29 |
| 48 | CAMPBELL,CYNTHIA | $1,586.58 |
| 49 | CAMPBELL,YVETTE | $109.65 |
| 50 | CHOKWE,ALICE | $112.32 |
| 51 | CHRISTIE,ALECIA | $4,190.67 |
| 52 | CLARKE,HYACINTH | $1,461.96 |
| 53 | COCHRANE,SOPHIA | $8.36 |
| 54 | COLE,ALTHIA | $6,051.77 |
| 55 | COLE,BARBARA | $281.61 |
| 56 | COLE,BEVERLY | $75.53 |
| 57 | COOPER,MAUREEN | $2,829.93 |
| 58 | CORLEY,AUDREY | $1,082.84 |
| 59 | CREIGHTON,NOVIA ANNMARIE | $150.50 |
| 60 | DANIELS,OLIVIA | $1,773.50 |
| 61 | DARBY,BEVOLYN | $5,026.15 |
| 62 | DARKORH,NANA | $2,351.47 |
| 63 | DAVIS,JUDY-ANN | $241.28 |
| 64 | DAVIS,SANDRA | $1,034.82 |
| 65 | DAVIS-MORGAN, ANNETT | $407.70 |
| 66 | DESOUZA,MARION | $246.70 |
| 67 | DEYOUNGE,YULA | $218.25 |
| 68 | DIALLO,FATOUMATA | $43.24 |
| 69 | DOLING,NYESHIA | $125.64 |
| 70 | DONKOR,GLADYS | $5.37 |
| 71 | DUCKETT,CAVEL | $3,487.90 |
| 72 | DUHANEY,JOAN | $187.91 |
| 73 | DUNBAR,ODETTE | $355.63 |
| 74 | DUNBAR,PAULINE | $38.58 |
| 75 | DUNKLEY,HOPE | $88.53 |
| 76 | EDWARDS,ROSE | $6,389.19 |
| 77 | EDWARDS,VERONA | $88.44 |

- 35 -

| 78 | ELLISON,SAUNYA | $33.20 |
| 79 | ELLIS-TALBERT, MARCIA | $66.78 |
| 80 | FOLKES,LEISA | $759.43 |
| 81 | FONFREL,BENDJIE | $139.77 |
| 82 | FORBES,INEZ | $102.01 |
| 83 | FRANCIS,CHERYL | $3,313.17 |
| 84 | GALLELLO,ELISA | $3,178.37 |
| 85 | GAYLE,PATRICK | $1,103.72 |
| 86 | GORDON,ELAINE | $2,201.19 |
| 87 | GRANT,MARSHALEE | $16.19 |
| 88 | GRANT-RODNEY, JACQUELINE | $21.97 |
| 89 | GRAY ANDERSON, VERA | $2,557.78 |
| 90 | GRAY,SHARON | $969.62 |
| 91 | GREEN,EULALEE A. | $946.58 |
| 92 | GRIFFITHS,RANDI | $179.31 |
| 93 | HALL,EPEFANIA | $570.14 |
| 94 | HARRIS,CECILIA | $418.98 |
| 95 | HECKER, CHARMAINE | $174.51 |
| 96 | HUDSON,JULETT | $110.38 |
| 97 | HUIE,ANGELLENE | $5.26 |
| 98 | HUNTER,JANNET | $28.45 |
| 99 | IYENGUNMWENA, ABIEMWENSE | $282.79 |
| 100 | IYENGUNMWENA, OSARIEMEN | $43.05 |
| 101 | JACKS-MORRIS, JEAN | $1,703.81 |
| 102 | JAMES,DANIELLE | $1,312.10 |
| 103 | JAMES,YVONETTE | $45.98 |
| 104 | JEUDY,MELISSA | $47.00 |
| 105 | JOHNSON,EMMA | $6,018.49 |
| 106 | KAMWANYA,ANNA | $2,299.16 |
| 107 | KELLY-TALBERT, ROSE MARIE | $2,155.42 |
| 108 | KLUTSE YONDAH, KOSSIWA | $46.90 |
| 109 | KNOTT,MARILYN | $4,692.80 |
| 110 | KUMAH,KWADWO | $231.56 |
| 111 | KWAKYE,MARY | $706.37 |
| 112 | KWAKYE-MENSAH, SABINA | $74.51 |
| 113 | LAROND,FABIENNE | $229.24 |
| 114 | LETTMAN,BEVERLEY | $97.92 |
| 115 | LEWIS,LILEITH | $1,425.52 |
| 116 | LEWIS,SASHANNA | $954.23 |
| 117 | LIZARDO,YOCASTA | $95.57 |
| 118 | LLEWELLYN,CARRIE | $248.71 |
| 119 | LLOYD,PEARLETA | $745.96 |
| 120 | LOBBAN,WILMA | $67.54 |

- 36 -

5379299

| | | |
|---|---|---|
| 121 | MARCUS-KWOFIE, PATIENCE | $149.99 |
| 122 | MARTINEZ,MARIA | $76.91 |
| 123 | MASON-MORAIS,JOY | $273.41 |
| 124 | MBA,CECILIA | $3,037.81 |
| 125 | MCCALLUM,CAROL | $145.60 |
| 126 | MCCOY,DIANA | $25.49 |
| 127 | MCFARLANE,LOUISE P | $828.85 |
| 128 | MCGINNIS,CAMAY | $186.06 |
| 129 | MCGLASHAN,JEAN | $18.71 |
| 130 | MCKENZIE,THESLYN | $1,716.85 |
| 131 | MCLEAN,DOROTHY | $272.15 |
| 132 | MCLEOD,KAY ANN | $2,603.20 |
| 133 | MENSAH,JUDITH | $5.44 |
| 134 | MENSAH,RAMATU | $2,031.89 |
| 135 | MILLER,JANET | $46.86 |
| 136 | MORGAN,MONICA | $1,260.18 |
| 137 | NAYA,WINNIFRED | $5,080.05 |
| 138 | NDINGKPI-LOTTO, HUILARI | $489.70 |
| 139 | NEGRON,MARIA P | $491.72 |
| 140 | NEMBHARD, MICHELLE | $4,452.46 |
| 141 | NICHOLSON, BEVERLEY | $3,247.31 |
| 142 | NJIE,IDA | $25.77 |
| 143 | NJOKU,MARITHA | $362.32 |
| 144 | NKANSAH, JOSEPHINE | $1,171.99 |
| 145 | NUNES,GLORIA | $2,462.59 |
| 146 | NYAMEKYE KOMMEY, SHERI | $341.06 |
| 147 | NYARKO-AWUAH, AGNES | $57.90 |
| 148 | OBAAH,THERESA | $94.30 |
| 149 | OBENG,JULIET | $92.08 |
| 150 | ODURO-KWARTENG, BERNICE | $3,640.75 |
| 151 | OKEYO,LONA | $2,791.73 |
| 152 | OKEYO,SHARON | $388.09 |
| 153 | OKOFO,GEORGE | $29.85 |
| 154 | OMARI,DORIS | $2,171.35 |
| 155 | OPOKU,AGNES | $79.05 |
| 156 | OPOKU,DEBORAH | $623.15 |
| 157 | OWUSU TAKYI, MILLICENT | $115.62 |
| 158 | OWUSU,SELINA | $1,174.34 |
| 159 | PALMER,HYACINTH | $939.34 |
| 160 | PHILLIP-CAPLETON, ANDREA | $89.93 |
| 161 | PORTER,HYACINTH A | $134.48 |
| 162 | POYO,SOUVENIR | $6,038.94 |
| 163 | PRYCE,MABLE | $59.47 |

5379299

| 164 | RADEVA, MARGARITA | $26.29 |
| 165 | RANDALL,MELINDA | $31.51 |
| 166 | REID,PAULETTE L | $343.23 |
| 167 | REID,SHARON | $316.70 |
| 168 | ROBERTSON,VETA | $4,129.19 |
| 169 | ROSE,TASHA-LEE | $11.72 |
| 170 | ROTALI,OPAL | $133.59 |
| 171 | ROWE,NASRINE | $755.77 |
| 172 | SARPONG,AFUA | $960.78 |
| 173 | SCARLETT-WILLIAMS ,KIMISHA | $181.98 |
| 174 | SCOTT,PRIMROSE | $2,257.42 |
| 175 | SHAW,PEARLINE | $1,025.85 |
| 176 | SIFUENTES,ERIKA | $743.10 |
| 177 | SIMPSON,MELODY | $48.90 |
| 178 | SMITH REEVES, BARBARA | $2,154.11 |
| 179 | SMITH,CAUDROYA | $728.92 |
| 180 | SMITH,DORETT | $3,161.38 |
| 181 | SMITH,FELECIA | $271.87 |
| 182 | SMITH,PATRICIA | $922.04 |
| 183 | SOMAI,NANDANEE | $182.69 |
| 184 | STEELE,ELAINE | $4,022.12 |
| 185 | STENNIS,JOYCELIN | $2,118.71 |
| 186 | SURAJU,DORA | $115.24 |
| 187 | TACKIE,PEACE | $8,217.56 |
| 188 | TAIT,MAUREEN | $124.95 |
| 189 | TANDOH,FELICIA | $633.42 |
| 190 | TAWIA,REBECCA | $220.99 |
| 191 | TEYE,GIFTY | $369.88 |
| 192 | THOMAS-DALEY, CURINE | $28.04 |
| 193 | TOMLINSON-TALBERT ,KENESHA | $613.05 |
| 194 | TORRES,GLORIA | $367.56 |
| 195 | TURNER,KATHLEEN | $465.42 |
| 196 | WALKER,NATOYA | $150.83 |
| 197 | WALLACE, VERONICA | $717.27 |
| 198 | WALLACE,IDA | $1,580.90 |
| 199 | WARREN,PAUL S | $22.17 |
| 200 | WEETOM,DIANA | $407.78 |
| 201 | WESTON,JESSICA M | $733.38 |
| 202 | WHITE-HESLOP, JASMINE | $524.71 |
| 203 | WILLIAMS,ALLISON | $640.97 |
| 204 | WILLIAMS,DELOMIE CATHERINE | $2,343.49 |
| 205 | WILLIAMS,MONICA | $13.56 |
| 206 | WITTER-TRACEY, DORETH | $3,773.29 |

5379299

| 207 | WOMOAKOR,MERCY | $2,110.70 |
| 208 | WRIGHT,ADRIS | $1,795.28 |
| 209 | ZIGAH,ELIZABETH | $1,051.47 |

**Total**                                    **$235,794.61**

5379299