UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BEVOLYN DARBY, : ECF
Individually and on Behalf of All Other : 17 Civ. 5370 (RMB)
Persons Similarly Situated, :
: Order & Final Judgement
      Plaintiffs, :
:
 -against- :
:
STERLING HOME CARE, INC., MARK R. ZWERGER, :
MATTHEW G. ANDERSON, MICHELE THOMAS :
EILEEN KILLEEN, and JOHN DOES #1-10, :
:
      Defendants. :
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-2-20

**ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (3) AWARDING ATTORNEY'S FEES AND EXPENSES; AND (4) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE**

This matter came on for hearing upon the Court's Order of April 19, 2019, preliminarily approving the Settlement in this action ("Preliminary Approval Order"). A Fairness Hearing was held on September 3, 2019. Due and adequate notice having been given to the Class, as defined in the parties' Settlement Agreement, dated January 10, 2019 ("Agreement" or "Settlement Agreement"), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Except as otherwise specified herein, the Court adopts all defined terms set forth in the parties' Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the above-captioned matter,

1

the Named Plaintiff, Defendants STERLING HOME CARE, INC., MARK R. ZWERGER, MATTHEW G. ANDERSON, MICHELE THOMAS, and EILEEN KILLEEN (collectively, "Defendants"), and all members of the Class, approximately 184 individuals.

3. If, for any reason, this Agreement does not become effective, the parties shall return to their respective positions in the Action as those positions existed immediately before execution of the Agreement.

4. The Court finds that the distribution by first-class mail of the Notice of Settlement constituted the best notice practicable and met the requirements of due process under the United States Constitution, applicable state law, Federal Rule of Civil Procedure 23, and the Fair Labor Standards Act ("FLSA"). Based on oral and written materials submitted in conjunction with the Fairness Hearing, the actual notice to the Class was adequate. These papers informed Class Members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement. No Class Members objected to the Settlement and two Class Members, Verona Dixon and Kathleen Turner, have requested exclusion and are hereby removed from the Class. Notice was returned as "undeliverable with no forwarding address" for the following 22 Class Members: Juliet Obeng, Caudroya Smith, Marion Desouza, Melissa Jeudy, Jennipher Agymang, Maritha Njoku, Deborah Opoku, Bendjie Fonfrel, Kimisha Scarlett-Williams, Faustina Azameti, Adris Wright, Sharon Reid, Sandra Davis, Hyacinth Clarke, Patricia Smith, Nancy Agyapong, Sharon Okeyo, Bruce Winsome, Fatoumata Diallo, Yula Deyounge, Michelle Bascomb, and Benjamin Boateng. See Affidavit of Shari Deans, dated Aug. 19, 2019, at 1–2, ECF No. 61. Because these Class Members did not receive notice, they are removed from the Class and not subject to the

Settlement Agreement and the releases therein.

5. The Court confirms that it previously preliminarily certified the Class on April 19, 2019, and hereby certifies the Class for purposes of settlement.

6. The Court previously appointed BEVOLYN DARBY as Class Representative.

7. The Court previously appointed William Coudert Rand, Law Office of William Coudert Rand, as Class Counsel.

8. The Court approves the Class Action Settlement Agreement, subject to modifications discussed below, as fair, adequate, and reasonable under applicable law, including Federal Rule of Civil Procedure 23 and the FLSA. See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005) ("A court may approve a class action settlement if it is fair, adequate, and reasonable."). The Settlement Administrator and the Settling Parties, including the Class, the Named Plaintiff, and the Defendants, are required to perform in accordance with the terms set forth in the Settlement Agreement, as modified by this Order.

9. The "Effective Date" as defined by ¶ 10(b) of the Agreement shall be twenty-one (21) days after entry of the Order granting final approval of the Agreement and dismissing the case, rather than thirty-three (33) days. This change is intended to help ensure that checks to the Class Members will be mailed expeditiously. See Transcript, dated Sept. 3, 2019, at 7 ("Tr.").

10. It is not the Court's practice to award a named plaintiff a service fee in part because "they bring [a class action] case to recover damages for themselves in particular, and when they succeed, even as by a settlement, that [] recovery is adequate compensation." See Tr. at 5; see also In re AMF Bowling Sec. Litig., 334 F. Supp. 2d 462, 470 (S.D.N.Y. 2004). Consequently, the Court denies the $1,000 service award for BEVOLYN DARBY. Ms. Darby's payout under the Class Action Settlement appears adequate to compensate her as a Class

3

Member. This $1,000 will be redistributed to the Class on a pro rata basis. It should be noted that Ms. Darby is also receiving $21,229.95 in her individual capacity as part of an Individual Settlement to settle her non-class action claims with the Defendants. See ¶ 15 infra. Her counsel has not requested legal fees for this settlement, apart from the award of legal fees described in ¶ 11.

11. The Court is lowering Class Counsel's requested fee from 25.1% of the Total Settlement Amount to 20%. Pursuant to the factors set forth in Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000), the Court awards Class Counsel a fee of 20% of the Total Settlement Amount, or $66,174.68, as fair and reasonable. See e.g., Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 435, 439 (S.D.N.Y. 2014) (awarding fees of 20% of the settlement fund in a wage-and-hour case); Sines v. Service Corp. Intern., No. 03 Civ. 5465 (PKC), 2006 WL 1148725, at *3 (S.D.N.Y. May 1, 2006) (awarding 20% of the settlement fund in a wage-and-hour case). The court in In re Arakis Energy Corp. Sec. Litigation has pointed out that "the trend within this circuit after *Goldberger* has been to award attorneys' fees in amounts considerably[] less than 30% of common funds in [] class actions, even where there is a substantial contingency risk." No. 95 CV 3431, 2001 WL 1590512, at *9 (E.D.N.Y. Oct. 31, 2001).

Regarding the first Goldberger factor, the time sheets submitted by Class Counsel, a solo practitioner, reflect that he worked 214.9 hours on this case. See Decl. of William C. Rand in Support of Plaintiff's Application for Final Approval of Class and Collective Action Settlement, dated Aug. 20, 2019, ECF No. 63, Ex. C ("Rand Decl."). All hours were billed at an hourly rate of $386.92, i.e., 214.9 hours x $386.92 or $83,149. See Pl. Mot. on Consent for Final Approval of Settlement, Certification of Settlement Class, an Award of Attorney's Fees, Reimbursement of

Expenses and Representative Incentive Award, dated Aug. 19, 2019, ECF No. 60, at 26 ("Pl. Mot."). The time sheets submitted by Class Counsel show that entries include "clerical tasks" and other non-legal work that, in the Court's view, are not appropriately billed at $386.92 per hour. See Lilly v. City of New York, 934 F.3d 222, 234 (2d Cir. 2019). For instance, there are entries for "[o]rganizing and filing opt-in statements," and "filing," "sending," and "serving" various other documents. See Rand Decl., Ex. C. "'It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer or paralegal may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer or paralegal does it.'" Lilly, 934 F.3d at 233–34 (quoting Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989) (alterations incorporated)). Some of the time sheet entries are imprecise and vague, such as entries that state "call with" or "meeting with" a certain person, but do not identify the purpose of the call or meeting. There were also entries for "reviewing payroll" records and miscellaneous spreadsheets. See Rand Decl., Ex. C; see also Flores v. Mamma Lombardi's of Holbrook, Inc., 104 F. Supp. 3d 290, 311 (E.D.N.Y. 2015) (reducing the hours claimed by plaintiff's counsel because the time sheets contained "vague and unilluminating entries").

The Court cannot determine from the time sheets submitted the amount of time Class Counsel may have devoted to work on the Individual Settlement between Defendants and BEVOLYN DARBY, as opposed to how much time he worked for the Class. Class Counsel is only entitled to be reimbursed out of the common fund for work he performed on behalf of the class, and this is another reason his requested fee is being reduced. See Victor v. Argent Classic Convertible Arbitrage Fund L.P., 623 F.3d 82, 86 (2d Cir. 2010) ("[T]he common fund doctrine

permits attorneys whose work created a common fund for the benefit of a group of plaintiffs to receive reasonable attorney's fees from the fund.").

Regarding the second Goldberger factor, Class Counsel asserts that the fee requested is "reasonable given the complexity of the action." See Pl. Mot. at 26. Counsel identifies little that is especially complicated about this wage-and-hour case, which involved no dispositive motions and in which a settlement was reached at an early stage. "Wage and hour cases are not unduly complex." Sushi Yasuda, 58 F. Supp. 3d at 432. This case is "at bottom, a suit for unpaid overtime" and "[t]he claims, here, involved no issues of exceptional difficulty." See Sines, 2006 WL 1148725, at *3.

Regarding the third Goldberger factor, Class Counsel argues that he "undertook this case on a contingency fee basis . . . and risked time and effort with no ultimate guarantee" that he would be compensated. See Pl. Mot. at 23. But the Goldberger court specifically warned against the "analytical flaw . . . that there is a substantial contingency risk in every common fund case." Goldberger, 209 F.3d at 52. In fact, "[t]his case, like many FLSA cases, involve[d] virtually no risk to the Plaintiff's attorney." See Hernandez v. Boucherie LLC, No. 18-CV-7887 (VEC), 2019 WL 3765750, at *7 (S.D.N.Y. Aug. 8, 2019); see also Yasuda, 58 F. Supp. 3d at 435 ("In most cases, obligations under the FLSA and [New York Labor Law] are relatively clear and liability turns on factual issues."). "[T]he risks plaintiff's counsel undertook in litigating this case are inherent in any litigation, including wage and hours litigation, but those risks are not significant or particular in any significant way in the circumstances of this case." See Ortiz v. Chop't Creative Salad Co. LLC, 89 F. Supp. 3d 573, 596 (S.D.N.Y. 2015).

Regarding the fourth Goldberger factor, the quality of legal representation was certainly acceptable and as expected. "Courts should not necessarily award an increased fee if counsel

6

simply displays the general level of skill expected." Ling v. Cantley & Sedacca, L.L.P., No. .04 Civ. 4566 (HB), 2006 WL 290477, at *3 (S.D.N.Y. Feb. 8, 2006).

Regarding the fifth Goldberger factor, "the requested fee in relation to the settlement," a fee of 20% of the Total Settlement Amount of $330,873.41, or $66,174.68, is reasonable and consistent with fees granted in similar wage-and-hour class actions. See, e.g., Sushi Yasuda, 58 F. Supp. 3d at 439 (awarding 20%); Sines, 2006 WL 1148725, at *3 (awarding 20%); see also Monserrate v. Tequipment, Inc., No. 11 CV 6090, 2012 WL 5830557, at *4 (E.D.N.Y. Nov. 16, 2012) ("[A] fee of twenty percent of the settlement is consistent with fees granted in other class actions.").

The reasonableness of a $66,174.68 fee award out of a Total Settlement Amount of $330,873.41 is not inconsistent with a lodestar cross-check. See Goldberger, 209 F.3d at 50. "Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." Sushi Yasuda, 58 F. Supp. 3d at 437 (internal quotation marks omitted). The Court's fee award of $66,174.68 reflects a negative lodestar multiplier of 88% compared to Class Counsel's requested award which, the Court believes, is reasonable in light of the factors discussed at pp. 4–6 above (e.g., lack of case complexity, early settlement, minimal risk, and vague billing entries, among other factors). "[A] negative multiplier of plaintiff counsel's lodestar is not out of the ordinary in common fund cases, particularly where awarding a positive multiplier of the lodestar may swallow up a significant portion of the settlement funds." See Fears v. Wilhelmia Model Agency, Inc., No. 02 Civ. 4911, 2007 WL 1944343, at *5 (S.D.N.Y. July 5, 2007) (collecting cases with a negative multiplier).

Regarding the sixth Goldberger factor, "public policy considerations," a fee award of

7

20% "balances the 'overarching concern for moderation'" of common fund attorney's fees awards with the principle that "the attorneys whose efforts created the fund are entitled to a reasonable fee." See Goldberger, 209 F.3d at 47, 53.

12. As a result of the Court's downward modification of the requested fee award, there is some $16,973.77 of the Total Settlement Amount which is unallocated. This amount is to be redistributed to Class Members on a pro rata basis.

13. Class Counsel has requested $1,526.40 in expenses reflecting, in large measure, the costs of filing and serving the complaint, mailing the collective action notice, and filing papers with the Clerk of the Court. The Court approves these expenses as they appear to be "reasonable out-of-pocket expenses." See Sushi Yasuda, 58 F. Supp. 3d at 439.

14. Defendants have retained the firm of Hamlin & Burton to serve as the Settlement Administrator. Pursuant to an agreement between Defendants and the Settlement Administrator, Defendants are solely responsible for paying the Settlement Administrator a fee of $15,000. See Jan. 9, 2019 Settlement Administrator Agreement, attached as Exhibit A. This $15,000 fee is in addition to the Total Settlement Amount of $330,873.41 being paid by Defendants. See Settlement Agreement at ¶ 2(a).

15. The Court, as described above, also notes that there is an Individual Settlement between Defendants and BEVOLYN DARBY, pursuant to which Ms. Darby is to receive $21,229.95 in exchange for a release of her non-class action New York Labor Law and contract claims against the Defendants. See Agreement at ¶ 6(a). The Individual Settlement is separate from the Class Action Settlement and provides for the payment of $21,229.95 to BEVOLYN DARBY to settle her state-law claims (allegations) that she "did not get 8 hours of sleep and did not get three hours of meal breaks during [her] 24-hour shifts . . . and thus was entitled to wages

for the 11 hours improperly deducted from each 24-hour shift." See Pl. Mot. at 1, 5. This Individual Settlement does "not affect the rights of, or consideration to, the [] Settlement class[]." See In re Initial Public Offering Sec. Litig., 226 F.R.D. 186, 205 (S.D.N.Y. 2005); see also Joint Letter from Counsel for Plaintiffs and Defendants to the Court, dated Sept. 6, 2019.

16. Pursuant to the Agreement, Defendants are to pay the Class what is due them under the Agreement, as modified by the Court, "no later than ten (10) days after the Effective Date." See Agreement at ¶ 1(b). Neither Class Counsel's nor the Settlement Administrator's fees and expenses are to be paid until 100% of the Class' payments have been distributed.

17. By entering this Agreement, "Defendants expressly deny all wrongdoing alleged in the complaint or otherwise." See Agreement at ¶ 13(b).

18. This action is hereby dismissed on the merits and with prejudice. The Court may retain jurisdiction to the extent necessary to effectuate the terms of the Settlement Agreement.

IT IS SO ORDERED.
Dated: 1/2/20

HONORABLE RICHARD M. BERMAN
United States District Judge